McKinney, J.
delivered the opinion of the court.
On the 18th December, 1843, Thomas T. Crowder leased to the plaintiff in error two separate tracts of land lying in DeKalb county, each for the term of three years, by separate leases in writing. On the 21st of March, 1846, the lessor, Thomas T. Crowder, assigned and transferred his interest in said leases, in writing, to the defendant in error, Richard Crowder.
The lessee, Eastham, was bound by the terms of said leases, to make various specific improvements and repairs upon the premises during the term of his lease, (which need not here be particularly noticed,) and for his failure to do so, this suit was brought by the defendant in error, as assignee of the lessor.
The declaration recites the various stipulations contained in said leases; and assigns the breaches as follows, viz: “Yet the said defendant, although often requested so to do, hath not as yet kept and performed his said contract and undertaking upon his part, but on the contrary, hath wholly failed and neglected so to do, or any part thereof; but in fact hath not made said *195 fences, moved and built said house, cultivated the deadened land, or delivered the same to plaintiff, or Thomas T. Crowder, completed, the 25th December, 1846, as he was bound to do; but to perform his said promise, or any part thereof, hath wholly failed and refused to the plaintiff’s damage,” &c.
The defendant demurred to the declaration, on the ground that the leases were not assignable; and the demurrer was overruled. And no other defence being made to the action, a judgment by default was entered, and a writ of enquiry awarded. On executing the writ of enquiry at the following term, the plaintiff was permitted to offer evidence to the jury, of the failure of the defendant to clear and cultivate a small piece of ground as he had stipulated to do in the lease, and that the labor of doing so was worth twelve dollars and fifty cents; and for which failure, in addition to the others specifically assigned as breaches of his agreement, the plaintiff sought to recover damages in this action. This evidence was objected to when offered, but the objection was overruled by the court. And his Honor instructed the jury, in substance, that under the general averment of failure to perform the agreement as set forth in the declaration, the plaintiff was entitled to recover for the neglect or refusal of the defendant to perform any of the stipulated acts set forth in the declaration, although not embraced by either of the specific breaches assigned therein.
In this instruction, we think, there is error. Notwithstanding the judgment by default, the plaintiff, in the ascertainment of the actual damages sustained, was entitled to no greater latitude, either in respect to the admission of evidence, or the extent of his right of *196 recovery, than be would have been upon the trial of an issue joined on the defendant’s plea of performance. And in the latter case it is clear, that the plaintiff could be restricted to the specific breaches assigned in the declaration.
The breach of the agreement being essential to the cause of action, must in all cases be stated in the declaration. And the omission of a breach will not be aided even by a verdict; though the insufficiency of the breach in general will be. 1 Chitty’s Pl., 370, 365. The assignment of the breach must be governed by the nature of the stipulation in the contract. Although, in general, it may be assigned in the words of the contract, either affirmatively or negatively; it must not be too general, but must state with reasonable certainty and precision the subject matter of complaint. The general averment that “the defendant did not perform the said agreement,” is insufficient. Id. 265. Where the breach was assigned, that the defendant had not used the farm in a husbandlike manner, “ but on the contrary had committed waste,” it was held that, upon such assignment, the plaintiff could not give evidence of the defendant’s using the farm in unhusbandlike manner, unless the acts amounted to waste; Id., 368. 3 Term R. 307, 637.
The reason for requiring the breaches to be stated specially, or at least one of the reasons, is to apprize the defendant of the grounds upon which it is sought to make him liable, that he may be enabled to prepare his defence. The plaintiff is at liberty to make the breaches as extensive and comprehensive, and likewise as numerous, as the contract will. admit of; and though he prove only a part, he will be entitled to recover *197 that far. Id. 388. But if be unwisely restrict himself, by narrowing the breaches, or limiting the number, he must abide the consequences of his own act; and will not be permitted to recover damages for violations of the contract not legitimately embraced in the specific breaches assigned. To permit him to do so, would enable him to take his adversary by surprize; without notice; and to effect a recovery upon a ground altogether different from that assumed in the issue. This is alike contrary to the elementary principles of pleading, and practice of the courts.
Judgment reversed.